



FILED

DEC 2 2 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Debtor/Defendant
Eric Solorio, in Pro Se
34 Sage Grouse Court
Sacramento, CA 95834
Telephone (916) 769-3777

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No 10-36484-A-7 |
| ERIC KHAN SOLORIO, and | Adversary Case No 11-02748-A |
| ELENA VALERJEVNA SOLORIO, | Docket Control No JGS-1 |
| Debtors | |

---

James Dunn, Gus Galaxidas and Mike Foondos

Plaintiffs,

v

Eric Solorio and Elena Solorio,

Defendants

**DEFENDANTS ERIC K SOLORIO AND ELENA SOLORIO'S MOTION TO DISMISS, PER Fed R Civ P 12(b)(4), 12(b)(5), 12(b)(6) AND 9(b), PLAINTIFFS JAMES DUNN, GUS GALAXIDAS AND MIKE FOONDOS' COMPLAINT TO REVOKE DEBTOR/DEFENDANTS ERIC SOLORIO AND ELENA SOLORIO'S DISCHARGE FROM BANKRUPTCY**

Date   January 23, 2012
Time   10 00 a m
Judge   Honorable Michael S McManus
Dept   "A"
CTRM   28
Place   U S Bankruptcy Court
      501 "I" Street
      7th Floor
      Sacramento, CA 95814

TO THE COURT AND ALL INTERESTED PARTIES

     Debtor/Defendant, Mr Eric Solorio ("Movant" or "Solorio") will and does hereby move the Court for an order dismissing Plaintiffs' James Dunn, Gus Galaxidas and Mike Foondos' Complaint to revoke Debtor/Defendants' discharge Said motion is made on the grounds that Plaintiffs have not provided Defendants Eric Solorio nor Elena Solorio with legally sufficient notice, service of process nor due process as required under

1

1    Federal Rules of Civil Procedure ("Fed R Civ P ") 4(b), Fed R Civ P 4(c)(1),

2    Fed R Civ P 4(l) and Federal Rules of Bankruptcy Procedure 9034(j)  Said motion is also

3    made on the grounds that the Complaint is not based in fact  Further Plaintiffs have not

4    stated a claim for which relief can be granted because they lack standing under 11

5    U S C  727(d)(1), and Plaintiffs have not plead fraud with any particularity

6        This Motion is based upon the papers and pleadings on file herein, the Notice of

7    Motion, the attached Request for Judicial Notice and the attached Declarations of Eric

8    Solorio and Mrs  Elena V  Solorio in Support of this Motion

9

10    Date   December 22, 2011        Eric Solorio, in Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

I FACTS ........................................................................................ 1

   A  Defendants Have Not Been Served With
   Process, Notice is Defective and Defendants Have
   Been Deprived of Due Process .................................................. 1

   B  Plaintiffs Had Prior Knowledge of the Identical
   Facts Now Alleged As Fraud .................................................... 1

   C  John Sinadinos Is the Agent of Plaintiffs Gus
   Galaxidas and Mike Foondos .................................................. 1

II LEGAL STANDARD ................................................................... 2

   A  Federal Rule of Civil Procedure 12(b)(6), Failure
   to State A Claim Upon Which Relief Can Be
   Granted .................................................................................. 2

   B  Federal Rule of Civil Procedure 9(b), Stating
   Fraud with Particularity ......................................................... 3

   C  Standing to Bring Claims Under 11 U S C
   §727(d) .................................................................................. 3

III LEGAL ARGUMENT ................................................................. 4

   A  Defendants Have Not Been Served, Notice is
   Defective and Defendants Have Been Deprived of
   Due Process ........................................................................... 4

   (a)  Plaintiffs Gus Galaxidas and Mike Foondos Are
   Not Identified On the Sole Certificate of Service on
   File With the Clerk ................................................................. 4

   (b)  Plaintiffs Failed to Notice the United States
   Trustee .................................................................................. 5

   (c)  Plaintiffs Failed to Notice and Serve the "Order to
   Confer on Initial Disclosures and Setting Deadlines" ............... 5

   (d)  Defective Notice and the Failure to Serve
   Required Documents Deprive Defendants of Their
   Due Process Rights ................................................................. 5

   B  The Complaint is Not Factually Correct Nor
   Based in Fact, As Evidenced by the Docket and
   Publically Available Documents Properly Before
   the Court ................................................................................ 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(a) Purported Loans By Plaintiffs Gus Galaxidas and Mike Foondos Are Properly Listed On Debtors' Bankruptcy Schedules     6

(b) Plaintiffs' Allegations Based Upon "Information and Belief" Are Contrary to Publicly Recorded Documents Filed with California Secretary of State     6

C Plaintiffs Have Failed to Plead Fraud with Any Particularity     7

D John Sinadinos is the Designated Agent of Plaintiffs Gus Galaxidas and Mike Foondos     8

(a) Plaintiffs Designated John Sinadinos as Their Agent in Their Business with Debtor Eric Solorio     8

(b) John Sinadinos has Multiple Agency Relationships with Plaintiffs Gus Galaxidas and Mike Foondos, and Each Agency Relationship Pertains to Managing the Conduct and Affairs of the Partnership "Chi-Sac First Investors"     9

E John Sinadinos'-Knowledge Obtained as Managing General Partner of "SW", Partner of "Chi-Sac First Investors" and Village Company Attorney – is Knowledge of Plaintiffs Gus Galaxidas and Mike Foondos     9

(a) Plaintiffs' Galaxidas and Foondos Have Three Partners in Their Partnership Whom Are listed on Debtor/Defendants' Bankruptcy Petition, Each With Knowledge of the Facts Now Alleged as Fraud     9

(b) Plaintiffs' Had Express *Prior Knowledge* of the Identical Facts Now Alleged Post-Discharge, As Fraud     11

(c) Prior to Debtors' Discharge Plaintiffs Could Have Known of the Identical Facts Now Alleged, 365-Days After Discharge     12

F All Plaintiffs had Prior Knowledge of the Alleged Facts, They Did Not Exercise Reasonable *Diligence and Therefore Cannot Satisfy the "Lack of Timely Knowledge" Prong of 11 U S C §727(d)(1)*     13

(a) Prior to Debtors' Discharge Trustee Roberts Gave
Notice to Plaintiffs, Regarding the Trustee's
Investigation of Identical Facts Now Alleged by
Plaintiffs as Fraud                                                13

(b) Plaintiffs Are Guilty of Laches                               14

IV  CONCLUSION                                                     16

V  PRAYER                                                         17

1

## TABLE OF AUTHORITIES

2

### Cases

3
*American Surety Company v. Pauly (No. 1)*,
170 US 133 (Supreme Court 1898)                                    9, 10

4

5
*In re Andermahr*,
30 B.R. 532, 533 (9th Cir. BAP 1983)                                    6

6
*Armstrong v. Manzo*,
380 U.S. 545, 550 (1965)                                               5

7

8
In *Ashcroft v. Iqbal*,
 U.S., 129 S. Ct. 1937 (2009)                                        2, 7

9
*Bell Atl. Corp. v. Twombly*,
550 U.S. (2007)                                                     3, 6

10

11
*In re Benak*,
91 B.R.                                                              14

12
*In re Bowman*,
173 BR 922, 925 - Bankr. Appellate Panel, 9th Circuit (1994)          16

13

14
*Caminetti v. United States*,
242 U.S. 470, 37 S. Ct. 192, 61 L.Ed. 442 (1917))                     14

15
*In re Cecchini*,
780 F.2d 1440, 1444 (9th Circuit 1986)                                 8

16

17
*Cooper v. Pickett*,
137 F.3d 616, 627 (9th Cir. 1997)                                     3

18
*Conley v. Gibson*,
355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed. 2d 80 (1957))      2, 6

19

20
Decker v. GlenFed, Inc.
42 F.3d 1541, 1548 (9th Cir. 1994)                                     3

21
*In re Dietz*,
914 F.2d 161, 163 (9th Cir. 1990)                                     3

22

23
*In re Dobash*,
10 B.R. 809, 812 (Bkrtcy W.D. Wis 1981)                               15

24
*Matter of Gregory*,
705 F.2d 1118, 1123 (9th Cir. 1983)                                   12

25

26
*In re Herron*,
49 BR 32, 35 - Bankr. Court, WD Kentucky (1985)                       16

27
*Holden v. New York & Erie Bank*,
72 NY 286 (1878)                                                   10, 11

28

*In re Knofsky,*
20 F 2d 206, 207 (W D Pa 1927)        15

*Luce v Edelstein,*
802 F 2d 49, 54 (2d Cir 1986)        7

*Madonna v United States,*
878 F 2d 62, 65-66 (2d Cir 1989)        3, 7

*Matter of McElmurry,*
23 BR 533, 536 – Dist Court, WD Missouri 1982)        15, 16

*Mid-Tech Consulting, Inc v Swendra,*
938 F 2d 885 (8th Cir 1991)        3, 14, 16

*Neubronner v Milken,*
6 F 3d 666, 672 (9th Cir 1993)        3

*In re Pedersen,*
229 BR 445, 451 – Bankr Court, ED California 1999        5

*In re Price,*
79 BR 888 – Bankr Appellate Panel, 9th Circuit 1987)        12

*In re Sanders,*
20 F Supp 98, 100 (N D Ga 1937)        13, 15

*Schlick v Penn-Dixie Cement Corp,*
507 F 2d 374, 379 (2d Cir 1974)        6

*Shah v County of Los Angeles,*
797 F 2d 743, 745 (9th Cir 1986))        2

*State Bank of India v Kaliana (In re Kaliana),*
202 B R 600, 604 (Bankr N D Ill 1996)        14

*In re Stein,*
102 B R at 367        3, 13, 14

*Tighe v Valencia (In re Guadarrama),*
284 B R 463, 477-78 (C D Cal 2002)        15

*In re Topper,*
85 B R        13

*Wood v Cochard (In re Cochard),*
177 B R 639, 643 (Bankr E D Mo 1995)        13

*United States v Ron Pair Enterprises, Inc,*
489 U S 235, 109 S Ct 1026, 103 L Ed 2d 290 (1989)        14

**United States Code**

11 U S C  727(d)(1)        3

**Federal Rules of Civil Procedure**

4(b)        4
4(c)(1)        4
12(b)(5)        2, 4, 5
12(b)(6)        2

**Federal Rules of Bankruptcy Procedure**

9034(j)        5

**United States District Court,
Eastern District of California
Local Rules**

9004-1(a)(1)        4

**California Corporations Code**

16102(f)        8, 12
16301        9
16404(a)        12

## I  FACTS

### A  Defendants Have Not Been Served With Process, Notice is Defective and Defendants Have Been Deprived of Due Process

Defendants have not been served, Notice is defective and Defendants have been deprived of "due process" This Court's docket is absent of any Certificate of Service on behalf of Plaintiffs Gus Galaxidas ("Galaxidas ") or Mike Foondos ("Foondos") The only Certificate on file (RJN Ex 5) is absent of any reference to or identification of notice being given by any Plaintiff to the US Trustee and absent of any reference to serving the "Order to Confer On Initial Disclosures and Setting Deadlines" upon any party

### B  Plaintiffs Had Prior Knowledge of the Identical Facts Now Alleged As Fraud

On October, 12, 2010, six-weeks before the Defendants were discharged, Trustee Roberts filed an Application for Order Authorizing Trustee's Professional Corporation to Act as Attorney for The Trustee for among other things to potentially "file and prosecute an Adversary Complaint to determine the validity and extent of lien of Adela Rodriguez " (RJN Ex 1, p1 19-20) Two weeks later, on October, 26, 2010, Trustee Roberts filed an Application for Order of Examination of Ms Rodriguez, specifically to inquire about her *status as a secured creditor and the UCC-1 statement* she filed with the California Secretary of State (RJN Ex 2, ¶¶1 and 2) The Court granted Trustee Roberts' application to conduct his inquiry Trustee Roberts further investigated and ultimately did not take any action to bar Debtors' discharge Debtors were granted a discharge on November 24, 2010

### C  John Sinadinos Is the Agent of Plaintiffs Gus Galaxidas and Mike Foondos

Debtor/Defendant Eric Solorio is the Manager of Natomas Gardens Investment Group LLC ("Natomas") (RJN Ex 3, p9 14-16) which is a 45% member of Village Capital Group LLC ("Village") (RJN Ex 4, p31) The only other member of Village is Chi-Sac Village Capital Group Investors LLC (Id at p1, ¶1) Article 10 17 of the Operating Agreement identifies Plaintiffs Gus Galaxidas and Mike Foondos as being members of Chi-Sac Village Capital Group Investors LLC The Managing Member of both Village and its member Chi-Sac Village Capital Group Investors LLC is a California

1

1    partnership, South Watt & Florin Partners ("SW")  SW consists of two individuals,

2    Stanley Foondos and Plaintiffs' attorney - John Sinadinos (Id  at p30, signature block)

3    The managing partner of SW is John G  Sinadinos (Id  Article 5 1 1)  <u>The end result is -</u>

4    <u>**John Sinadinos is** the designated **agent for Village**, the designated agent **for its**</u>

5    <u>**Manager "SW" and** the designated agent of Village's member **Chi-Sac Village Capital**</u>

6    <u>**Group Investors LLC** (which includes Plaintiffs Gus Galaxidas and Mike Foondos, as</u>

7    <u>members) - since May 12, 2005</u>

8        The Operating Agreement for Village further establishes the existence of a California

9    *partnership* named "Chi-Sac First Investors" which is a member of *Chi-Sac* Village

10   Capital Group Investors LLC (Id  Article 4 1(i)(4)  The same Article 4 1(i)(4) incorporates

11   an attached *Schedule 1* (Id  pp36-37) which identifies the partners of "Chi-Sac First

12   Investors" and the dates and amounts of loans made by the partnership to Debtor Eric

13   Solorio  Schedule 1 also identifies Plaintiffs Gus Galaxidas and Michael Foondos as

14   being *lender/partners* of "Chi-Sac First Investors" – as is Stanley Foondos and Plaintiffs'

15   attorney John G  Sinadinos (Id  p37, *Schedule 1*)  <u>Stanley Foondos and **John**</u>

16   <u>**Sinadinos** are each **designated agents of** 1 ) *Chi-Sac* Village Capital Group Investors</u>

17   <u>LLC (which Plaintiffs Gus Galaxidas and Mike Foondos are members of) and 2 ) the</u>

18   <u>California *partnership* **"Chi-Sac First Investors"** that also includes their partners</u>

19   <u>Plaintiffs Gus Galaxidas and Mike Foondos</u>

20

21   **II  LEGAL STANDARD**

22   **A  Federal Rule of Civil Procedure 12(b)(6), Failure to State A Claim Upon**
     **Which Relief Can Be Granted**

23       A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond

24   doubt that the plaintiff can prove no set of facts in support of his claim which would

25   entitle him to relief " (*Conley v  Gibson*, 355 U S  41, 45-46, 78 S Ct  99, 101-02, 2

26   L Ed 2d 80 (1957)) On a motion to dismiss, the court accepts the facts alleged in the

27   ·complaint as true (*Shah v  County of Los Angeles*, 797 F 2d 743, 745 (9th Cir 1986))  In

28   *Ashcroft v  Iqbal*, U S , 129 S  Ct  1937 (2009) the Supreme Court provided guidance for

1  courts deciding a motion to dismiss "begin by identifying pleadings that, because they

2  are no more than conclusions, are not entitled to the assumption of truth " (Id at 1950)

3  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice " (*Bell Atl Corp v Twombly*, 550 U S (2007) at

5  555) "Nor should a court accept allegations that are contradicted or undermined by

6  other more specific allegations in the complaint or by written materials properly before

7  the court " (*Madonna v United States*, 878 F 2d 62, 65-66 (2d Cir 1989))

8      **B   Federal Rule of Civil Procedure 9(b), Stating Fraud with Particularity**

9      When allegations of fraud are made, the circumstances constituting the alleged fraud

10  must be "specific enough to give defendants notice of the particular misconduct      so

11  that they can defend against the charge and not just deny that they have done anything

12  wrong " (*Neubronner v Milken*, 6 F 3d 666, 672 (9th Cir 1993)) Allegations of fraud must

13  be accompanied by "the who, what, when, where, and how" of the misconduct charged

14  *Cooper v Pickett*, 137 F 3d 616, 627 (9th Cir 1997) "[A] plaintiff must set forth more than

15  the neutral facts necessary to identify the transaction  The plaintiff must set forth what is

16  false or misleading about a statement, and why it is false " (Decker v  GlenFed, Inc  (In

17  re GlenFed, Inc  Sec  Litig ), 42 F 3d 1541, 1548 (9th Cir 1994)

18      **C   Standing to Bring Claims Under 11 U S C  §727(d)**

19      In order to effectuate revocation under § 727(d), such fraud must be discovered *after*

20  discharge (*In re Dietz,* 914 F 2d 161, 163 (9th Cir 1990)  Many courts have held that the

21  creditor must show, not only that it did not know, but also that *it could not have known* of

22  the debtor's fraud prior to discharge  (*In re Stein,* 102 B R  at 367) Dismissal under 11

23  U S C  §727(d)(1) is proper where, *prior to discharge*, the party requesting revocation of

24  discharge knows of facts that indicate a possible fraud was committed by the debtor

25  (*Mid-Tech Consulting, Inc  v  Swendra,* 938 F 2d 885 (8th Cir 1991))

26  ///

27  ///

28  ///

III    **LEGAL ARGUMENT**

A    **Defendants Have Not Been Served, Notice is Defective and Defendants Have Been Deprived of Due Process**

(a) Plaintiffs Gus Galaxidas and Mike Foondos Are Not Identified On the Sole Certificate of Service on File With the Clerk

Defendant Eric Solorio has not been served by the Plaintiffs (Declaration of Eric Solorio, pp1-2, ¶¶2-7)  There are three Plaintiffs and two Debtor/Defendants in this case and each Plaintiff must serve process upon each Debtor/Defendant (FRCP 4(b) and (c)(1))  Plaintiffs Galaxidas and Foondos have deprived Defendants of Defendants' due process rights because neither Plaintiff has served Defendants, which is evidenced by the single Certificate of Service ("Certificate") (RJN Ex  5) on file with the Bankruptcy Court Clerk ("Clerk") which does not identify either Plaintiff Galaxidas nor Plaintiff Foondos as a party on whom behalf service of process was purportedly made  Due process has not been provided under Fed  R  Bankr  P  7004(e)  Further, the typed narrative in paragraph 1 of the Certificate, only identifies "a copy of the Complaint" (i e single copy)(RJN Ex  6, line 3) as being served, which at best represents inadequate service of process by Plaintiff James Dunn, on only a single Defendant  Mr  Dunn's name is the only Plaintiff's name that appears on the Certificate  Per Fed R Civ P 12(b)(5), the Complaint must be dismissed

The Certificate fails to identify more than one Plaintiff, fails to identify the title of each document corresponding to each Plaintiff and upon which Defendant such documents were served (FRCP 4(b)), and where multiple copies of the same documents are required to be served by each Plaintiff upon each Defendant (General Order 98-5), the Certificate does not at all identify any specific or total number of Answer forms provided, as required under (General Order 98-5)  Additionally, a significant portion of the Certificate is hand written and substantially illegible  It does not comply with Fed R Civ P  4(b) nor with Local Rule 9004-1(a)(1)  The incomplete and limited notice is defective, as to each and every Plaintiff (Fed R Civ P  12(b)(5))

///

4

(b) Plaintiffs Failed to Notice the United States Trustee

1         This Court has previously ruled that a Complaint must be dismissed for failing to

2 notice the United States Trustee because the Court cannot, under any circumstance,

3 grant any requested relief without notice to the parties in interest (*In re Pedersen*, 229

4 BR 445, 451 - Bankr Court, ED California 1999), US Trustee Guideline Region 17, Sec

5 1 1 and Fed R Civ P 12(b)(5) Each and every Plaintiff filed their Complaint without

6 noticing the United States Trustee of Region 17 The sole Certificate of Service on file for

7 Plaintiff(s) is absent of any reference to or identification of service upon the United

8 States Trustee, as required by Fed R Bankr P 9034(j) Plaintiffs' notice is therefore

9 defective (Id ) The Complaint must be dismissed as a matter of law (Id *Pedersen*)

10

11      (c) Plaintiffs Failed to Notice and Serve the "Order to Confer on Initial Disclosures
12         and Setting Deadlines"

13         The Certificate of Service confirms that none of the Plaintiffs served upon either of

14 the Defendants the "Order to Confer on Initial Disclosures and Setting Deadlines" (RJN

15 Ex 5) Plaintiffs' failed to give any notice

16

17      (d) Defective Notice and the Failure To Serve Required Documents, Deprive
        Defendants of Their Due Process Rights

18        The Complaint must be dismissed as a matter of law because Plaintiffs could not

19 under any circumstance obtain any relief without first providing Defendants with due

20 process Plaintiffs Galaxidas and Foondos failed to serve the Defendants with their

21 Complaint, the Certificate of Service does not identify Plaintiffs Galaxidas nor Foondos

22 or their documents Nor does the Certificate identify the document quantities (of the

23 Answer for pro se Defendants) required to effect service of process by and upon each

24 party Moreover, none of the Plaintiffs served the United States Trustee (Fed R Bankr

25 P 9034(j)) nor did they serve any party with the "Order to Confer on Initial Disclosures

26 and Setting Deadlines" Failure to give notice violates "the most rudimentary demands of

27 due process of law " (*Armstrong v Manzo*, 380 U S 545, 550 (1965) The Complaint

28 must be dismissed for failure to include all parties in interest (*In re Pedersen*, at 451)

**B   The Complaint is Not Factually Correct Nor Based in Fact, As Evidenced by the Docket and Publically Available Documents Properly Before the Court**

(a) <u>Purported Loans By Plaintiffs Gus Galaxidas and Mike Foondos Are Properly Listed On Debtors' Bankruptcy Schedules</u>

The Complaint alleges Plaintiff Gus Galaxidas loaned Defendant Solorio $15,000, Plaintiff Mike Foondos loaned Defendant Solorio $10,000, and Debtors did not list these debts on their bankruptcy filing (Complaint ¶¶ 25-27)  Plaintiffs allege "the failure of Defendant Solorio to list the debts of Galaxidas and Foondos   were willful and constitute fraud upon the Court and upon such unscheduled creditors" (Id  at ¶30)  The docket reflects that Defendants added Plaintiffs Galaxidas and Foondos as creditors to Defendant's bankruptcy schedules – prior to – the filing of the Complaint (RJN Ex  9, pp6-7)  Debtors may amend lists or schedules without court permission at any time during the pendency of the case  (*In re Andermahr*, 30 B R  532, 533 (9th Cir  BAP 1983)), see Federal Rule of Bankruptcy Procedure 1009(a)  Plaintiffs' Complaint is not factually correct therefore not based in fact and as such, Plaintiffs' can prove no set of facts that would entitle them to relief  The Complaint must be dismissed as a matter of law (Fed  R  Civ P  12(b)(6), see also (*Conley* at 45-56, 355 U S  at 101-02)

(b) <u>Plaintiffs' Allegations Based Upon "Information and Belief" Are Contrary to Publicly Recorded Documents Filed with California Secretary of State</u>

The Complaint alleges "Upon information and belief, Defendant Solorio holds an interest in a California limited liability company Natomas Station, LLC " (Complaint ¶28), and the failure of defendant Solorio to list his interest in Natomas Station LLC constitutes fraud upon the court (Complaint ¶30)  Allegations of fraud cannot be based "upon information and belief" (*Schlick v  Penn-Dixie Cement Corp* , 507 F 2d 374, 379 (2d Cir 1974), cert  denied, 421 U S  976 (1975))  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice " (*Bell Atl Corp  v  Twombly*, 550, 555 U S  (2007)  The publicly recorded LLC documents identifies Debtor Eric Solorio as one of two "managers" of Natomas Station LLC, he is NOT identified as a "member" (RJN Ex 6)  The Articles of Organization on file with the

6

1   California Secretary of State show the organizer of this company to be someone other

2   than Debtor Eric Solorio (Id at p2, item 9)  Item #5 shows there to be "more than one

3   manager" (Id )  On the most current Statement of Information (Id  p3), Debtor Eric

4   Solorio signed the document and listed his title as "manager" (Id  item #12) which is

5   consistent with item #9 that lists two "manager(s)"  Paragraphs 28, 29 and 30 are

6   therefore "not entitled to the assumption of truth" (*Ashcroft*, at 1950), "nor should [this]

7   court accept allegations that are contradicted [and] undermined by [the Natomas Station

8   LLC corporate filings] properly before the court " (*Madonna v  United States*, 878 F 2d

9   62, 65-66 (2d Cir  1989))

10      **C    Plaintiffs Have Failed to Plead Fraud with Any Particularity**

11          The complaint alleges fraudulent acts attributed only to the "defendants "

12   (Complaint ¶¶ 5, 8, and 9)  Such "allegations, which fail to specify the time, place,

13   speaker, and sometimes even the content of the alleged misrepresentations, lack the

14   'particulars' required by Rule 9(b)" (*Luce v  Edelstein*, 802 F  2d 49, 54 (2d Cir  1986))

15   The Complaint only alleges fraudulent acts by "Solorio" (¶¶ 15, 19, 20, 21, 27, 28, 29

16   and 30) despite the fact there are two defendants with the last name "Solorio"  These

17   general allegations lack the "particulars" required by Fed R Civ P  9(b) (Id  *Luce* at 54)

18   Paragraph 30 alleges the failure of "Defendant Solorio" (singular) to list the "*debts of*

19   *Galaxidas and Foondos*" constitutes fraud on the Court  There is not any legal

20   requirement of either Defendant to list "debts of" another party, on Debtors' bankruptcy

21   petition  Debtors are only required to list debts *owed to* other parties  Therefore, Plaintiffs

22   cannot and *have not alleged any fraud* arising from paragraphs 25, 26 or 27, of the

23   Complaint  Paragraphs 22, 23, and 24 are nothing more than conclusory allegations

24   which fail to state "why" the allegations are fraudulent  The Complaint has not stated a

25   claim for fraud and therefore must be dismissed as a matter of law

26   ///

27   ///

28

7

**D    John Sinadinos is the Designated Agent of Plaintiffs Gus Galaxidas and Mike Foondos**

    (a) <u>Plaintiffs Designated John Sinadinos as Their Agent in Their Business with Debtor Eric Solorio</u>

As the managing general partner in "SW", Sinadinos' agency on behalf of Plaintiffs was established in November 2003 through the business of lending money to Debtor Eric Solorio and investing in Mr Solorio's Company's projects (RJN Ex 4, Recital "E", Article 4 1(i)(4) and p37)[1] Article 4 1(i)(4) of the Village Operating Agreement and its incorporated *Schedule 1* proves the *ordinary course of business* of Plaintiffs Gus Galaxidas, Mike Foondos, <u>and their counsel John Sinadinos,</u> *as partners* in "Chi-Sac First Investors", was to make loans to Debtor Eric Solorio (Id at p37, sub "Loans"), <u>in addition to</u> also funding Natomas' real estate ventures (Id at p37, sub "Deposits") It is also clear in Article 4 1(i)(4), that such loans to Debtor Eric Solorio and investments in Natomas were promised to be repaid to Plaintiffs through "Chi-Sac First Investors'" long-term dealings with Debtor Eric Solorio and Natomas via the operations and revenues earned by Village

Other than the signature of Debtor Eric Solorio and another member of his company Natomas, the only other signatures on the Village Operating Agreement are those of the two members of "SW" - John G Sinadinos and Stanley Foondos (Id at p30) It follows that through the Village Operating Agreement Plaintiffs designated Sinadinos' agency in the conduct and affairs of the "Chi-Sac First Investors" partnership Applying basic partnership law, in dealing with partnership business the knowledge obtained by Sinadinos regarding loans made to Debtor Eric Solorio and or the operation of Village which is expressly intended to repay such loans, is imputed to Plaintiffs Gus Galaxidas and Mike Foondos (*In re Cecchini*, 780 F 2d 1440, 1444 (9th Circuit 1986)), see also (CA Corp Code 16102(f)) Through Sinadinos' role as an agent for Plaintiffs in

---

[1] Recital "E states SW (John Sinadinos/Stanley Foondos) "arranged for deposits due which the repayment terms are identified by Article 4 1(i)(4) and its incorporated *Schedule 1* that lists such deposits made, when made and the expected return on investment Schedule 1 also lists loans to Debtor Eric Solorio which the repayment terms/amounts are identified by Article 4 1(i)(4) and *Schedule 1*

1  their common partnership, Plaintiffs have knowledge of Debtors' bankruptcy petition and

2  all the facts arising there from, which affected Plaintiffs' partnership business (i e loans

3  to Debtor Eric Solorio)

    (b) <u>John Sinadinos has Multiple Agency Relationships with Plaintiffs Gus
Galaxidas and Mike Foondos, and Each Agency Relationship Pertains to
Managing the Conduct and Affairs of the Partnership "Chi-Sac First Investors"</u>

6      As articulated above (Motion p2 4-7) (hereafter "Mot "), John Sinadinos has at

7  least four overlapping and long-term agency relationships with his clients, Plaintiffs Gus

8  Galaxidas and Mike Foondos  The two most significant agency relationships are  1 )

9  Sinadinos' status as partner in "Chi-Sac First Investors" and 2 ) his role as general

10  managing partner in SW which is the authorized agent of "Chi-Sac First Investors"

11  partnership  In California, "each partner is an agent of the partnership for the purpose of

12  its business" (California Corporation Code, §16301, Uniform Partnership Act of 1942)

13  Plaintiffs Gus Galaxidas and Mike Foondos received the same notices and have

14  knowledge of facts obtained by Sinadinos through his overlapping agency relationships

15  with Plaintiffs (*American Surety Company v  Pauly (No  1)*, 170 US 133 (Supreme Court

16  1898) at 153-154))

18    **E  John Sinadinos' Knowledge Obtained as Managing General Partner of
"SW", Partner of "Chi-Sac First Investors" and Village Company Attorney –
is Knowledge of Plaintiffs Gus Galaxidas and Mike Foondos**

20      (a) <u>Plaintiffs' Galaxidas and Foondos Have Three Partners in Their Partnership
Whom Are listed on Debtor/Defendants' Bankruptcy Petition, Each With
Knowledge of the Facts Now Alleged as Fraud</u>

22      Plaintiffs Gus Galaxidas, Mike Foondos and their counsel Mr  Sinadinos' would

23  have this Court believe that although, *prior to Debtors' discharge*, Sinadinos had detailed

24  knowledge of Debtors' bankruptcy petition and the identical facts now alleged as fraud –

25  that Mr  Sinadinos never acquired such knowledge in a capacity that obligated him to

26  actually communicate it to his partners and Company members which it adversely

27  affected – Plaintiffs Gus Galaxidas and Mike Foondos  This is despite the fact Sinadinos

28

---

[2] California Corporations Code 16100 adopted the Uniform Partnership Act of 1994

1   has fiduciary duties to inform his principals  Any such argument is doomed to fail as our

2   Supreme Court addressed this argument more than 100-years ago in *American Surety*

3   *Company v  Pauly (No  1)*, 170 US 133 (Supreme Court 1898) (at 153-154)  The

4   *American* Court cited a case on point, *Holden v  New York & Erie Bank*, 72 NY 286

5   (1878)  In *Holden*, the court found that knowledge obtained by an agent acting in any of

6   his three different capacities (the agent's "triple relations") was knowledge of his

7   principal

8          "As matter of fact, whatever knowledge, information or notice [Sinadinos] had in

9   *either* of [his agency] capacities, he carried with him into his exercise of the other  As

10  agent of the [Chi-Sac First Investors], he owed it a duty in every transaction in which the

11  [Chi-Sac First Investors] took a part, *under his observation*  Hence, **as matter of law,**

12  **whatever notice of facts he had in any capacity, which were material in the**

13  **performance by him of the part of the [Chi-Sac First Investors] in any transaction,**

14  **became notice to the [Chi-Sac First Investors]**, his principal, as it was his duty to give

15  it notice thereof in that matter  It is the rule that the knowledge of the agent is the

16  knowledge of his principal, and notice to the agent of the existence of material facts is

17  notice thereof to the principal, who is taken to know everything about a transaction which

18  his agent in it knows    [W]here the agency is continuous, and concerned with a business

19  made up of a long series of transactions of a like nature, of the same general character,

20  it will be held that knowledge acquired as agent in that business in any one or more of

21  the transactions, making up from time to time the whole business of the principal, is

22  notice to the agent and to the principal, which will affect the latter in any other of those

23  transactions in which that agent is engaged, in which that knowledge is material    That

24  [Sinadinos] held triple relations[3] to the matter[s of Chi-Sac First Investors] did not alter

25  his relation to the [Chi-Sac First Investors], his principal, nor did it hinder his knowledge

26  acquired as an agent from affecting his principal in the part he took as an agent  The

---

[3] Plaintiffs Gus Galaxidas and **Mike Foondos** are partners with Sinadinos in Chi Sac First Investors partnership which
28   is a member of Chi Sac Village Capital Group llc which is a member of Village Capital Group LLC – all three entities
are managed (i e  agency) by John Sinadinos and **Stanley Foondos** through  SW'

DEFENDANT ERIC SOLORIO'S MOTION TO DISMISS PLAINTIFFS DUNN, GALAXIDAS AND FOONDOS  COMPLAINT

1    subject-matter of his agency was the conduct and direction of the affairs of [Chi-Sac First

2    Investors]  He represented the [Chi-Sac First Investors] in all these transactions [with

3    loans made to Debtor Eric Solorio, investments with Natomas, and Chi-Sac First

4    Investors' membership in Chi-Sac Village Capital Group Investors LLC and its

5    subsequent membership in Village which is the source of repayment]  [When dealing

6    with matters affecting Village or loans made to Solorio by Chi-Sac First Investors,

7    Sinadinos] was every time of them engaged in the business of [Chi-Sac First Investors]

8    Notice to [Sinadinos] while so engaged, ***though no otherwise received than by the***

9    ***possession of knowledge acquired by him while acting in another capacity***, was

10   notice to [the partners of Chi-Sac First Investors]  That is a necessary result of

11   [Sinadinos'] triple character " (Id  at *Holden*)(emphasis added and footnotes added)

12   Plaintiffs Gus Galaxidas and Mike Foondos therefore had all the notices and knowledge

13   that John Sinadinos obtained in Debtors' bankruptcy proceeding and otherwise

14
           (b) Plaintiffs' Had Express *Prior Knowledge* of the Identical Facts Now Alleged
15             Post-Discharge, As Fraud

16         ***Prior to Debtors discharge***, Sinadinos submitted a Declaration to the US District

17   Court, as "general managing partner of South Watt and Florin Partners, the Manager of

18   Defendant Village Capital Group, LLC ("Village")   as well as the manager of various

19   entity Defendants[4] herein " (RJN Ex  7, p1, ¶1 and 2)  As established above (Mot  p2 8-

20   18), South Watt and Florin Partners ("SW") is also the agent of the association of

21   individuals (including Plaintiffs) known as "Chi-Sac First Investors"  In his Declaration,

22   Sinadinos acknowledges knowing of the filing of Debtors' bankruptcy petition (RJN Ex  7,

23   p2 15-18), and his awareness of and disagreement with Ms  Rodriguez' claim as a

24   secured creditor based upon ownership certificates provided as "'collateral' for an

25   undocumented real estate transaction " (Id  p4 3-8)  Sinadinos further declares that he

26   "voiced concerns   and shared   extensive information which supported [Sinadinos']

27

28   _____
     [4] Equally as important  is that Plaintiff Gus Galaxidas is also identified on the list of Defendants  Galaxidas is identified
     towards the end of the list on the second  continuing cover page  He had notice of Sinadinos  declaration

1    position that Mrs Rodriguez is not a perfected, secured senior creditor of Mr Solorio "

2    (Id p4 23-25) He further "demanded that Mrs Rodriguez immediately remove any

3    claims made in the Bankruptcy Court based upon the newly proffered certificates and

4    accompanying documentation " (Id p5 1-3) Additionally, Sinadinos' declared "It is

5    obvious to me that Mr Solorio is behind these claims " (Id p6 1) Sinadinos then

6    acknowledged having spoke to Trustee Roberts about "commenc[ing] an adversary

7    proceeding to address those concerns " (Id p5 24-26) And most convincingly, Sinadinos

8    declares " Mrs Rodriguez will not remove her claims of senior, secured priority over

9    me *and my entity creditors*" (emphasis added) (Id p7 9-10) Clearly, Sinadinos is

10   acting in his overlapping and duplicative agency capacities

11          John Sinadinos' "entity creditors" affected by Ms Rodriguez' claims could only be

12   those listed on Debtors' bankruptcy petition which in fact include John Sinadinos, Chi-

13   Sac Sunridge and *Chi-Sac Florin* (RJN Ex 8, Schedule "D") which are all partners with

14   Plaintiffs Gus Galaxidas and Mike Foondos in the *partnership* "*Chi-Sac* First Investors"

15   (RJN Ex 4, p37, Schedule 1) A partner's knowledge, notice, or receipt of a notification

16   of a fact relating to the partnership is effective immediately as knowledge by, notice to, or

17   receipt of a notification by the partnership (CA Corp Code 16102(f)) Plaintiffs were

18   therefore expressly aware of the identical facts they now *allege*, post discharge, as

19   fraud [W]hen the holder of a large unsecured claim     receives any notice from the

20   bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under

21   constructive or inquiry notice that its claim may be affected, and it ignores the

22   proceedings to which the notice refers at its peril (*In re Price*, 79 BR 888 - Bankr

23   Appellate Panel, 9th Circuit 1987) citing (*Matter of Gregory*, 705 F 2d 1118, 1123 (9th

24   Cir 1983) (emphasis supplied))

25          (c) Prior to Debtors' Discharge Plaintiffs Could Have Known of the Identical Facts
26              Now Alleged, 365-Days After Discharge

27          Partners of a partnership owe fiduciary duties to the partnership *and the other*

28   *partners* (CA Corp Code 16404 (a)) As such, Sinadinos had a duty to disclose Debtors'

                                           12

bankruptcy and all facts arising there from to Plaintiffs Gus Galaxidas and Mike

Foondos  Conversely it was the duty of Plaintiffs' to inquire with their partners[5], *at least*

*once* between June 23, 2010 and November 24, 2010[6], as to the status of loans made to

Debtor Eric Solorio  A party seeking revocation may be guilty of laches by failing to show

proper diligence in attempting to discover the necessary facts before discharge, (*In re*

*Sanders,* 20 F Supp  98, 100 (N D Ga  1937))  Many courts have held that the creditor

must show, not only that it did not know, but also that *it could not have known* of the

debtor's fraud prior to discharge  (*E g , In re Stein,* 102 B R  at 367, *In re Topper,* 85 B R

at 169)  Plaintiffs Galaxidas and Foondos absolutely knew, prior to Debtors' discharge,

the identical facts they now allege as fraud because three of their partners had notice

from this Court and one partner (Sinadinos) had already made the identical allegations

(RJN Ex 7, ¶22), prior to Debtors' discharge  "If the creditor could have known of the

alleged fraud, it has an affirmative duty to so investigate before the discharge is granted

or the court will dismiss the requested revocation " (*Wood v  Cochard (In re Cochard),*

177 B R  639, 643 (Bankr E D Mo 1995))

///

### F  All Plaintiffs had Prior Knowledge of the Alleged Facts, They Did Not Exercise Reasonable Diligence and Therefore Cannot Satisfy the "Lack of Timely Knowledge" Prong of 11 U S C  §727(d)(1)

(a) Prior to Debtors' Discharge Trustee Roberts Gave Notice to Plaintiffs, Regarding the Trustee's Investigation of Identical Facts Now Alleged by Plaintiffs as Fraud

All Plaintiffs were aware of Trustee Roberts' Applications to the Court (RJN Ex s 1

and 2) (Mot  p1 10-20) regarding the "examination of Ms  Rodriguez, her UCC-1

statement and supporting documents, and the possible commencement of an adversary

proceeding"  Through Sinadinos, Plaintiffs Galaxidas and Foondos clearly had this

knowledge prior to the debtors' discharge on November 24, 2010 (Mot  p11 15-28)  "The

party seeking revocation of the discharge must not have known sufficient facts regarding

---

[5] John Sinadinos  Chi Sac Sunridge and Chi Sac Florin are each listed on Debtors  bankruptcy petition, received notice from this Court  and are partners of Plaintiffs Gus Galaxidas and Mike Foondos in  Chi Sac first Investors

[6] Date of Debtors  discharge

DEFENDANT ERIC SOLORIO S MOTION TO DISMISS PLAINTIFFS DUNN  GALAXIDAS AND FOONDOS' COMPLAINT

the Debtor's actions and/or omissions such that [it was] put on notice of a *possible*

fraud '" (Id *Mid-Tech Consulting, Inc* at 888) Plaintiffs' partner/agent, John Sinadinos,

has remained fully aware of and involved in Debtors' bankruptcy proceeding, including

Sinadinos' communications with Trustee Roberts "[T]he responsibility for investigating

and ascertaining the financial condition of a debtor devolves upon the trustee in

bankruptcy and the creditors of the estate " (emphasis added)(In re Stein at 367)

(emphasis added) Thus, the burden is on the creditor to investigate diligently any

possibly fraudulent conduct before discharge (*Stein,* 102 B R at 368, *Benak,* 91 B R at

1009-10) Such knowledge of sufficient facts, prior to Debtors' discharge, renders

Plaintiffs incapable of satisfying the mandatory requirement of 11 U S C §727(d)(1)

Accordingly, the plain meaning of 11 U S C §727(d) mandates a dismissal of the

Complaint The Supreme Court has made it clear that where a statute's language is

plain, "the sole function of the courts is to enforce it according to its terms", *United States*

*v Ron Pair Enterprises, Inc ,* 489 U S 235, 109 S Ct 1026, 103 L Ed 2d 290 (1989)

(*quoting, Caminetti v United States,* 242 U S 470, 37 S Ct 192, 61 L Ed 442 (1917))

(b) <u>Plaintiffs Are Guilty of Laches</u>

"Discovery of fraud for purposes of §727(d) occurs when one obtains actual

knowledge of the facts giving rise to the action or notice of the facts, which in the

exercise of reasonable diligence, would have led to actual knowledge " (*State Bank of*

*India v Kaliana (In re Kaliana),* 202 B R 600, 604 (Bankr N D Ill 1996)) By simply

attending the Meeting of Creditors, Plaintiffs could have inquired about Ms Rodriguez'

secured status and any related documents giving rise to such status – such as the

*alleged* fraudulent ownership certificate and pledge agreement Plaintiffs did not attend

the Meeting of Creditors despite having received notice "[I]n a revocation action under

§727(d)(1), the plaintiff must show due diligence in investigating and responding to

possible fraudulent conduct once he or she is aware of it or is in possession of facts

such that a reasonable person in his or her position should have been aware of a

1  possible fraud ", (*Tighe v Valencia (In 899*899 re Guadarrama),* 284 B R  463, 477-78

2  (C D Cal 2002)

3       Although being aware of Trustee Roberts' inquiry into the debt owed to Ms

4  Rodriguez, Plaintiffs failed to file objections to Defendants discharge and then

5  proceeded to **seek revocation of discharge 365-days after the discharge was**

6  **granted**  A party seeking revocation may be guilty of laches by failing to properly file

7  objections to discharge prior to the entry of the discharge order, (*In re Knofsky,* 20 F 2d

8  206, 207 (W D Pa  1927)), by failing to act within a reasonable time after obtaining

9  knowledge of facts which may otherwise be grounds for revocation of discharge, (*In re*

10  *Dobash,* 10 B R  809, 812 (Bkrtcy W D Wis 1981)), or by failing to show proper diligence

11  in attempting to discover the necessary facts before discharge, (*In re Sanders,* 20

12  F Supp  98, 100 (N D Ga  1937))

13       Plaintiffs were informed as early as June 23, 2010 (RJN Ex  8) and definitely no

14  later October, 12, 2010 (RJN Ex s 1) that Ms  Rodriguez was listed as a secured creditor

15  resulting from a real estate transaction with the Debtor/Defendants  Because the debt

16  arising from the real estate transaction, the UCC-1 and its attached Ownership

17  Certificates are the foundation of Plaintiffs' Complaint, knowledge of this fact (RJN Ex  7)

18  obviously "made Plaintiff[s] suspicious and therefore put [Plaintiffs] on notice of the need,

19  *at the very least, to examine the available public records* " (*Matter of McElmurry*, 23 BR

20  533, 536 - Dist  Court, WD Missouri 1982) (emphasis added)  With reasonable diligence,

21  involving the simple matter of searching public records, the Plaintiffs would have

22  **possessed** the facts that are now their alleged basis of the revocation – the UCC-1

23  statement (Complaint ¶10) and its attached ownership certificates (Id  ¶¶12 and 13) (Id

24  *McElmurry* at 536)

25       The UCC-1 and its attached Certificates of Ownership are available to anyone

26  who inquires with the California Secretary of State's Office at 1500 11th Street

27  Sacramento, California 95814, (916) 653-6814, by filling out a one-page "National

28  Information Request" (Form UCC 11)(Rev5/09/01) which is available on the second

1   floor, at the public counter (Declaration of Eric Solorio, p2, ¶8) and (RJN Ex 10)

2   Plaintiffs failed to meet *any* reasonable standard of diligence (*McElmurry*, at 536) and

3   therefore, Plaintiffs are guilty of laches (*In re Herron*, 49 BR 32, 35 - Bankr Court, WD

4   Kentucky (1985)) The Complaint must be dismissed as a matter of law

5      IV CONCLUSION

6        The Plaintiffs failed in every way to give proper notice to the Defendants and the

7   United States Trustee The Complaint must be dismissed on those grounds alone

8   Equally detrimental to the Plaintiffs is that the allegations in the Complaint have proven

9   to be false and not based in fact, according to the evidence properly before this Court

10       And finally, even if the Complaint were to somehow survive with its false

11   allegations and lack of due process, Plaintiffs have been shown to have possessed

12   knowledge - long before Debtors' discharge - of the identical facts Plaintiffs now allege

13   as fraud Plaintiffs are in every instance guilty of laches through their dilatory delay in

14   waiting to raise their "concerns" until the 365th-day after debtors' discharge! If a creditor

15   or any other party which might object to a debtor's discharge has knowledge of a

16   possible fraud, the burden is on the objecting party to diligently investigate any possibly

17   fraudulent conduct before discharge If the party decides to wait until after discharge,

18   that party risks dismissal of its § 727(d)(1) action (*In re Bowman*, 173 BR 922, 925 -

19   Bankr Appellate Panel, 9th Circuit (1994)) Plaintiffs did not meet their burden to

20   exercise reasonable diligence and investigate facts known to them before the Debtors'

21   discharge Therefore the Complaint must be dismissed as a matter of law (*Mid-Tech*

22   *Consulting,* at 888)

23       Even if somehow the Complaint survived the lack of due process, lack of notice to

24   the United States Trustee, using knowingly false allegations and being prosecuted with

25   Plaintiff's proven knowledge of the same facts (obtained prior to discharge), the

26   Complaint still fails to state a claim for which relief can be granted because it fails to

27   plead fraud with any particularity It must in every instance and under every

28   circumstance be dismissed

1　　V　PRAYER

2　　　　　　Therefore, Debtor/Defendant Eric Solorio hereby prays for a judgment against

3　　Plaintiffs James Dunn, Gus Galaxidas and Mike Foondos, as follows

4　　　　　　1　Dismissing Plaintiffs' Complaint in its entirety, and

5　　　　　　2　For an Order for Debtor/Defendant to recover actual costs incurred in

6　　　　　　　　responding and defending against the Complaint

7

8　　Date　December 22, 2011　　　　　Respectfully,
　　　　　　　　　　　　　　　　　　　　Eric Solorio in Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ERIC SOLORIO'S MOTION TO DISMISS PLAINTIFFS DUNN, GALAXIDAS AND FOONDOS' COMPLAINT

(2)

FILED

DEC 2 2 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1  Debtor /Defendant
   Eric Solorio, in Pro Se
2  34 Sage Grouse Court
   Sacramento, CA 95834
3  Telephone (916) 769-3777

4

5              UNITED STATES BANKRUPTCY COURT

               EASTERN DISTRICT OF CALIFORNIA
6
                  SACRAMENTO DIVISION
7

8  In re                      Bankruptcy Case No 10-36484-A-7

9                         Adversary Case No 11-02748-A
   ERIC KHAN SOLORIO, and
10 ELENA VALERJEVNA SOLORIO,     Docket Control No JGS-1

11                 Debtors    **DEFENDANTS ERIC K SOLORIO**
                               **AND ELENA SOLORIO'S NOTICE OF**
12 ───────────────────── **MOTION TO DISMISS, PER**
                               **Fed R Civ P 12(b)(4), 12(b)(5), 12(b)(6)**
13                             **AND 9(b), PLAINTIFFS JAMES DUNN,**
   James Dunn, Gus Galaxidas and Mike    **GUS GALAXIDAS AND MIKE**
14 Foondos                   **FOONDOS' COMPLAINT TO REVOKE**
   Plaintiffs,                 **DEBTOR/DEFENDANTS ERIC**
15                            **SOLORIO AND ELENA SOLORIO'S**
                               **DISCHARGE FROM BANKRUPTCY**
16 v

17                           Date    January 23, 2012
   Eric Solorio and Elena Solorio,        Time    10 00 a m
18 Defendants                    Judge   Honorable Michael S McManus
                               Dept    "A"
19                           Ctrm    28
                               Place    U S Bankruptcy Court
20                                    501 "I" Street
                                   7th Floor
21                                    Sacramento, CA 95814

22

23 TO THE COURT AND ALL INTERESTED PARTIES

24       NOTICE IS HEREBY GIVEN that on January 23, 2012, at 10 00 a m , a hearing

25 will be held on Debtor/Defendants', Mr Eric Solorio and Mrs Elena Solorio's Motion to

26 Dismiss Plaintiffs' James Dunn, Gus Galaxidas and Mike Foondos' Complaint to revoke

27 Debtor/Defendants' discharge Said Motion will be heard in Department "A", Courtroom

28 28 of the United States Bankruptcy Court, Eastern District of California, Sacramento

1   Division located at 501 "I" Street, Sacramento, California, 95814

2           NOTICE IS FURTHER GIVEN that in the event James Dunn and or Gus

3   Galaxidas and or Mike Foondos fail to file an opposition in a timely manner, such a

4   default may be entered and relief granted as prayed, by the court without oral argument

5   and the matter removed from calendar  Pursuant to Local Rule 9014-1 any opposition

6   shall be in writing, supported by written evidence and shall be filed and served with the

7   clerk of the court by the responding party not less than fourteen (14) calendar days

8   preceding the noticed date of the hearing

9

10  Date   December 22, 2011                    Eric Solorio, in Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28