

| | |
|---|---|
| LAW OFFICES OF JOHN SINADINOS<br>John G. Sinadinos (SB# 165495)<br>7700 College Town Drive<br>Sacramento, California 95826<br>Telephone (916) 669-9080<br>Facsimile (916) 671-5549<br>Email sino@cwo.com | **FILED**<br>JAN - 9 2012<br>UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA |

Attorney for James Dunn, Mike Foondos and Gus Galaxidas

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ERIC KHAN SOLORIO, and<br>ELENA VALERJEVNA SOLORIO,<br><br>                                  Debtors,<br>_____<br>James Dunn, Gus Galaxidas and Mike Foondos<br><br>                                  Plaintiffs,<br><br>vs<br><br>Eric Solorio and Elena Solorio,<br><br>                                  Defendants | Bankruptcy Case No. 10-36484-A-7<br><br>Adversary Case no. 11-02748-A<br><br>**DECLARATION OF JOHN G. SINADINOS IN OPPOSITION TO DEFENDANTS ERIC K. SOLORIO AND ELENA SOLORIO'S MOTION TO DISMISS PER Fed R Civ P 12(b)4, 12(b)5, 12(b)6 and 9(b) PLAINTIFFS JAMES DUNN, GUS GALAXIDAS AND MIKE FOONDOS' COMPLAINT TO REVOKE DEBTOR/DEFENDANTS ERIC K. SOLORIO AND ELENA SOLORIO'S DISCHARGE FROM BANKRUPTCY**<br><br>Date       January 23, 2012<br>Time       10:00 a.m.<br>Judge     Honorable Michael S. McManus<br>Dept       "A"<br>CTRM    28<br>Place      U.S. Bankruptcy Court<br>              501 I Street<br>              7th Floor<br>              Sacramento, CA 95814 |

1

I, John G Sinadinos, declare

1. I have personal knowledge of the matters stated in this declaration, and if called as a witness, would testify competently under oath to these facts

2. On December 2, 2011, I personally prepared two separate envelopes containing three copies of the following documents (a) the 2 page adversary cover sheet, (b) the 4 page Complaint to Revoke Discharge Pursuant to 11 U S C section 727 (d) (1), together with Exhibits "A" through "D", (c) a 2 page blank form Certification of Service of Summons of Status Conference and Complaint, (d) a 2 page Summons and Notice of Status Conference in an Adversary Proceeding, (e) the 1 page General Order 98-5 dated November 2, 1998, (e) the 1 page Notice to Pro Se Debtor(s), (f) the 2 page blank form Answer, (g) a second copy of the form answer with the caption information completed, (h) the one page Order to Confer on Initial Disclosures and Setting Deadlines, and (i) the one page Notice of Availability of Bankruptcy Dispute Resolution Program

3. I instructed Mr Lungren to serve the three copies of the documents contained in the envelopes upon Defendants Eric K Solorio, Elena Valerjevna Solorio and Trustee John Roberts After Mr Lungren stamped and sealed the envelopes, he informed me that because the packages containing the documents weighed more than 13 ounces, he could not simply deposit them in a U S mailbox, but that they would have to be delivered in person to a U S mail employee

4. Also, because Mr Solorio has on more than one occasion challenged mail service, most recently in connection with his unsuccessful motion before this court for sanctions, I instructed Mr Lungren to retain a copy of the packet of documents served upon Mr Solorio

5. In conjunction with the service by Mr Lungren, I made written requests to meet and confer at the court ordered discovery conference, pursuant to the Order to Confer issued by this court True and accurate copies of these written communications are attached hereto as Exhibit "A"

6. On December 9, 2011, I also filed a separate declaration with the court confirming that the requisite number of copies of the Answer and Notice to pro se Debtor(s) were served upon each Defendant, in compliance with General Order 98-5 A true and correct copy of my declaration is attached hereto as Exhibit "B"

7. The scope and factual bases for the revocation being sought by the Plaintiffs is set

forth in painstaking detail as the basis for an unclean hands defense in my December 5, 2011 declaration in opposition to Defendant Solorio's motion for sanctions, heard by this court on December 19, 2011. My declaration sets forth 33 factual exhibits which underpin the fraud the plaintiffs are alleging was committed by the defendants. I will not burden the court with inclusion or a recitation of these facts at this time. These facts will be presented to the court in connection with the factual hearing to be conducted.

 8. I also provided Defendant Solorio with a 14 page analysis of the fraud my clients have uncovered, in hopes of resolving the issue short of litigation.

 9. The claims held by the Plaintiffs are based upon loans made by each Plaintiff individually to Defendant Eric Solorio.

 10. Neither I nor any other creditor is an the agent for any of the individual Plaintiffs in connection with actions they take individually, nor do I have any authority to act on behalf of each individual Plaintiff outside the scope of my legal employment.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 9, 2012, at Sacramento, California.

_____
John G. Sinadinos

EXHIBIT "A"

Begin forwarded message

> From: John Sinadinos <jgsino@gmail.com>
> Date: November 23, 2011 9:58:45 PM PST
> To: landinvestments@earthlink.net
> Cc: jrr@bankruptcy-info.com
> Subject: Bankruptcy Case No: 10-36484-A-7

> 
> Mr Solorio,
>
> I am in receipt of your email dated 10 38 p m on November 22, 2011 Due to the immediate nature of your threat of litigation against myself and my clients, I feel it is important that I address various statements, allegations and purported legal theories in your correspondence
>
> To begin, you allege that the adversary proceeding being prosecuted by the plaintiffs is violative of the stay you and your wife obtained from the bankruptcy court because it is an attempt to "take the bankruptcy estate's property OUTSIDE of Bankruptcy Court " The adversary proceeding is being brought in bankruptcy court As such, it is not subject to the automatic stay the debtors obtained from the bankruptcy court Adversary proceedings are intended and designed to settle disputes between creditors and debtors While I understand that you are a pro se party, I find it hard to believe that you could, in good faith, allege that creditors are stayed from bringing proceedings in bankruptcy court to adjudicate issues of fraud, and that their actions in bankruptcy court could form a basis for a motion for sanctions
>
> Secondly, you continue to either misunderstand or intentionally blur the legal distinction between yourself and the company, Natomas Gardens Investment Group, LLC ("Natomas") Illustratively, you allege that by reason of my clients' investigation into the fraud they believe occurred, they are demanding "bankruptcy estate property - RICO claims " The pending federal action and any claims associated therewith are held and being prosecuted by Natomas and Orchard Park, LLC ("Orchard"), two entities which are not in bankruptcy Your bankruptcy estate merely holds your former membership interest in each of these companies, pursuant to the recent ruling from the federal court The adversary proceeding seeks only to revoke your discharge by reason of the clear and convincing evidence of fraud uncovered by the plaintiffs It does not seek any bankruptcy assets To the extent you continue to neglect the corporate form, you risk running afoul of the fiduciary duties you have to the other members of your company
>
> In that regard, it is significant to note that as the manager of Natomas, you previously hired your personal attorney, Thomas W Barth, to represent the interests of the company Natomas, executing a waiver of any conflicts Subsequently, when Larry Deane, the other main member of Natomas, successfully brought his motion to dismiss your personal attorney as counsel for Natomas, by reason of his unwaiveable conflicts of interest, you argued that he should nevertheless remain as your personal attorney because you and your claims were distinct from those of Natomas such that complete disqualification was unwarranted Now you allege in your pending rule 11 motion that any challenge or claim asserted against you is a challenge or claim against Natomas because you and Natomas are so inextricably bound as to be one and the same Both positions cannot be true
>
> It is not surprising to me that you would would threaten baseless litigation in response to legitimate inquiry by Plaintiffs and protection of their legal rights In connection with Mr Dunn's attempt to foreclose his security interest in Natomas, you similarly threatened him with inclusion in the RICO action, unless he withdrew his foreclosure proceedings In a letter dated June 7, 2010, you state "If I am forced to then I will include Mr Dunn as a third party in the federal case " Ultimately, you did not include Mr Dunn as a defendant, but instead filed your bankruptcy petition on the day before Mr Dunn's foreclosure sale was scheduled to occur
>
> Thirdly, courts have held that the stay granted by the bankruptcy court stays both the debtors and the creditors, such that debtors are prohibited from commencing or continuing an action which arose prior to discharge In this case, your rule 11 motion alleges that it is based on the filing of a motion to dismiss by Larry Deane, which ocurred prior to your discharge It appears that you are violating the

same stay you erroneosly accuse others of violating  I encourage you to heed your own advice and speak with bankruptcy counsel concerning these issues
>
>      Finally, the fact that you refuse to address the allegations of fraud with respect to the various documents you drafted speaks volumes as to the propriety of the complaint   By your own admission, Mrs  Rodriguez has Parkinson's, is in failing mental and physical health and according to her doctors "is incoherent at times "  Despite these infirmities, she was able to understand and advance intricate legal theories to the trustee and apparently stand behind the veracity of the various documents you executed It is the contention of my clients that you fabricated and back-dated these documents to create a claim for Mrs  Rodriguez in your bankruptcy estate where none exists  Given her mental and physical state, it may be the case that she is unaware of what is being advanced in her name   My clients intend to hold you accountable for your actions
>
>      My clients' desire discovery into the transactions and occurrences contained in the various certificates and pledge agreements you executed, including the cash loan that you maintain was made to you for $112,000 by Mrs  Rodriguez, the undocumented sale of her property to you for $1,000,000, $900,000 of which you allege was in the form of an unsecured promissory note, the circumstances surrounding the subsequent secured loans you obtained against the property Mrs  Rodriguez transferred to you, which were superior to her unsecured loan and rendered her loan uncollectible and dischargeable in bankruptcy, including representations made to third parties in connection with this loan, the representations made to Mr  Dunn in connection with his loan to you, various representations made by you in court filings and publicly recorded documents over the years and the true identity of the owner of the membership interests in Natomas and Orchard  Depositions will be requested of Mrs, Rodriguez, as well as third parties involved in the various financial dealings set forth in the bankruptcy petition  Most importantly, the plaintiffs will request originals of the various certificates and pledge agreements, so that the can be authenticated by a trained professional in digital forensics and watermarking of documents retained by the plaintiffs
>
>      I enclose herewith a copy of the complaint filed today in the Bankruptcy Court  Please be advised that we must meet and confer on initial disclosures and a discovery plan   I also enclose herewith the plaintiffs' detailed examination and analysis of the various instances of fraud the plaintiffs have uncovered, which was delivered to Trustee Roberts last week
>
>
>                                                           John Sinadinos
>
> Law Offices of John G  Sinadinos
> 7700 College Town Drive, Suite 250
> Sacramento, CA 95826
> (916) 669-9080
> (916) 671-5549
> sino@cwo com
>
>
>

1/9/2012

Law Offices of
# JOHN G. SINADINOS
Attorney At Law*

7700 College Town Drive Suite 250
Sacramento CA 95826

TEL (916) 669 9080
FAX (916) 671 5549

December 21, 2011

**By Email and Regular Mail**
Eric Khan Solorio
Elena Valerjevna Solorio
34 Sage Grouse Court
Sacramento, CA 95834

Re:    Bankruptcy Case No 10-36484-A-7 (Solorio)
       Adversary Proceeding No 11-02748

Dear Mr And Mrs Solorio,

     Pursuant to the Order to Confer on Initial Disclosures and Setting Deadlines issued by United States District Court, Eastern District of Sacramento, dated 11/23/11, at least 21 days prior to the January 18, 2012 status conference scheduled in the original summons, the parties must meet and confer at a "Discovery Conference." The deadline for this conference is December 29, 2011. The court's order is contained in the documents served upon each of you on December 2, 2011 in connection with the above-referenced adversary proceeding. I have enclosed another copy of the entire packet.

     Please call, email or telephone me to arrange a date and place for the conference. I am available anytime during this week and next.

Sincerely,

John G Sinadinos

*ALSO ADMITTED IN NEW YORK*

Law Offices of
**JOHN G SINADINOS**
Attorney At Law*
7700 College Town Drive Suite 250
Sacramento CA 95826

TEL (916) 669 9080
FAX (916) 671 5549

December 27, 2011

**By Email, Regular Mail and Hand Delivery**
Eric Khan Solorio
Elena Valerjevna Solorio
34 Sage Grouse Court
Sacramento, CA 95834

Re    Bankruptcy Case No 10-36484-A-7 (Solorio)
       Adversary Proceeding No 11-02748

Dear Mr And Mrs Solorio,

     I am following up on my numerous attempts over the past month to arrange the discovery conference in the above referenced adversary proceeding, pursuant to the Order to Confer on Initial Disclosures and Setting Deadlines issued by United States District Court, Eastern District of Sacramento, dated 11/23/11  I initially contacted you by mail and email on November 23, 2011, and subsequently contacted you by email and mail on December 21  I have left you voice messages on your cell phone (916) 769-3777, and as of today's date, you have not responded to any of my requests to arrange the discovery conference

     Please be aware that Fed R Civ P 26(f)(2) requires that "the attorneys of record and all unrepresented parties that have appeared in the case are responsible for arranging the conference, for attempting to agree on a proposed discovery plan, and for submitting to the court within 14 days of the conference a written report outlining the plan  As I indicated to you in my last letter, the deadline for this conference is December 29, 2011  Please be aware that I and my client's will view your failure to respond to our repeated attempts to arrange for the court ordered discovery conference to as contemptuous of the order  While I understand you are a pro se litigant, you must nevertheless comply with the court's order, a copy of which was electronically provided to you on November 23, 2011, the same day the adversary proceeding was filed

     Please call, email or telephone me to arrange a date and place for the conference  I am available anytime during the next three days

Sincerely,

John G Sinadinos

*ALSO ADMITTED IN NEW YORK

EXHIBIT "B"

-5-

ORIGINAL FILED

LAW OFFICES OF JOHN G. SINADINOS
7700 College Town Drive, Suite 250
Sacramento, California 95826
Telephone	(916) 669-9080
Facsimile	(916) 671-5549
Email	sino@cwo.com

DEC - 9 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

James Dunn, Gus Galaxidas and Mike Foondos

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>ERIC KHAN SOLORIO and ELENA VALERJEVNA SOLORIO,<br><br>　　　　　　　　Debtors(s)<br><br>JAMES DUNN, GUS GALAXIDAS and MIKE FOONDOS,<br><br>　　Plaintiffs,<br><br>vs<br><br>ERIC KHAM SOLORIO and ELENA VALERJEVNA SOLORIO<br><br>　　Defendants | Bankruptcy Case No. 10-36484-A-7<br><br>Aversary Proceeding No. 11-02748-A<br><br>**DECLARATION OF JOHN G. SINADINOS REGARDING PRO SE SERVICE** |

　　I, John G. Sinadinos, attorney for Plaintiffs James dunn, Gus Galaxidas and Mike Foondos, hereby declare that on December 2, 2011, I caused the the summons and complaint in the above entitled proceeding to be served on the Defendants. In connection with that service, the required number of copies of the NOTICE TO PRO SE DEBTOR(S) and the ANSWER were served on the Defendants, with the caption information completed.

　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 9, 2011, at Sacramento, California.

_____
John G. Sinadinos

1

DECLARATION OF SERVICE